UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BASHIR CHAUDRY, ZAFAR SHEIKH, 3232 CENTRAL AVENUE LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 17 C 1813 |
| NASSER MUSLEH, FERAS MUSLEH, CENTRAL MARKET OF LAKE STATION LLC, MUSLEH REAL ESTATE LLC, GEORGE IVANCEVICH, | ) ) ) ) ) | Judge Thomas M. Durkin |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Bashir Chaudry, Zafar Sheikh, and 3232 Central Avenue LLC sued defendants Nasser and Feras Musleh ("the Musleh defendants") and George Ivancevich in their individual capacities, as well as Central Market of Lake Station LLC and Musleh Real Estate LLC, for breach of contract and fraud. Currently before the court are two motions to dismiss: (1) defendants Nasser Musleh, Feras Musleh, Central Market of Lake Station LLC, and Musleh Real Estate LLC's motion (R. 72; R. 73); and (2) defendant Ivancevich's motion (R. 74). All defendants move to dismiss for failure to join an indispensable party (Central Market of Indiana, Inc.) that would defeat this Court's diversity jurisdiction, as well as other grounds. For the reasons stated below, the Court grants defendants' motions and dismisses the case for failure to join an indispensable party.

1

**STANDARD**

The complaint must provide "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. Civ. P. 8(a)(2). Through this statement, defendants must be provided with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This means the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann*, 707 F.3d at 877 (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

**BACKGROUND**

Throughout the fall of 2014, the Musleh defendants solicited plaintiffs Bashir Chaudry and Zafar Sheikh to buy their grocery business, Central Market, in Lake Station, Indiana. R. 66 at 3 (plaintiffs' amended complaint). The Musleh defendants made various promises and representations to Chaudry and Sheikh regarding the business's profitability and the health of its physical assets. *Id.* at 3-18.

On November 30, 2014, based on the assurances of the Musleh defendants, Chaudry and Sheikh signed an agreement to purchase Central Market. *Id.* at 6. This initial agreement was prepared by the Musleh defendants' attorney, defendant

George Ivancevich, who also made assurances that the business was thriving and that his client was trustworthy. *Id.* at 6-7.

Chaudry and Sheikh created two entities to apply for the loan they would need to finance their purchase: (1) plaintiff 3232 Central Avenue LLC ("the LLC plaintiff"), of whom Chaudry, Sheikh, and various other family are members; and (2) Central Market of Indiana, Inc. ("the corporation"), which, importantly, is not currently a party to this case. *Id.* at 10-11. Both of these entities applied for and secured the nearly $1.9 million loan to finance the purchase. R. 81-2 at 1 (commercial security agreement).[1]

The parties signed two contracts as part of the closing. The LLC was the buyer in the $1.1 million contract for the purchase of the real estate. R. 66-3 at 1-9. The corporation was the buyer in the $1.5 million contract for the purchase of the business's assets, including its fixtures, inventory, and goodwill, for about $1.5 million. *Id.* at 10-23.

Plaintiffs assert a common law claim for breach of contract against all defendants in Count I, and they assert common law claims for fraud against each individual defendant in Counts II through IV. R. 66 at 19-22. Plaintiffs allege that during the course of negotiations and the closing process, defendants made the

---

[1] Where "plaintiffs have referred to a document . . . in the complaint and the document is central to the claims at issue, the court may consider it as part of the pleadings." *Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wisconsin, Inc.*, 657 F.3d 496, 501 (7th Cir. 2011). Plaintiffs' amended complaint references the "loan secured by the plaintiffs" for "close to $1,900,000" as documented by this Commercial Security Agreement. *See* R. 66 ¶ 35.

3

following false and fraudulent statements upon which plaintiffs relied when entering into the sale:

- The refrigeration rack system was in good working order (*id.* at 14-16);
- The roof on the Central Market was new and in excellent condition (*id.* at 16-17);
- A substantial amount of income could be earned by redeeming customer coupons (*id.* at 16);
- The merchandise markup was 35% (*id.* at 13-14); and
- Union employees would pay their own health insurance premiums (*id.* at 17-18).

The contract for the sale of assets—the contract with respect to which the corporation was the sole buyer—contains representations directly pertinent to all of these allegations, including representations regarding: (a) the condition of the business's physical assets ("Seller represents that the . . . fixtures, equipment and other tangible assets . . . are in good working condition and repair . . .") (R. 66-3 at 14); the profitability of the business ("[t]he inventory will be taken at the Seller's retail price, from which thirty five percent . . . will be deducted in order to determine the actual cost of the inventory price . . .") (*id.* at 11); and the terms of the union employee contracts ("Buyer hereby assumes and agrees to perform all obligations of Seller . . .") (*id.* at 12).

The Court previously ordered the LLC plaintiff joined to this action as a necessary party because LLC's involvement in the purchase meant that the LLC's ability to protect its interests could be impaired without joinder, and existing parties might be subject to a risk of inconsistent obligations without the LLC's joinder. R. 58 at 7-10. In particular, the Court found that because "the LLC is legally obligated to make payments on the loan," the LLC "will be damaged if the business fails." *Id.* at 8. Additionally, "principles of preclusion could impact [the LLC's] ability to argue fraud or unfair conduct in the negotiation of the Central Market deal in a subsequent lawsuit." *Id.* And "non-joinder would leave defendants vulnerable to a second suit on essentially the same claims." *Id.* The Court went on to find that joining the LLC would not destroy diversity since none of its members were citizens of Indiana. *Id.* at 10-11.

At the time the Court decided whether the LLC was a necessary party, the corporation's role in the transaction was not clear. Plaintiffs did not attach to their original complaint the asset purchase agreement or the commercial security agreement demonstrating the corporation's role in the asset purchase and the loan. *See* R. 1. And none of the parties brought that role to the Court's attention.

The Musleh defendants now move to dismiss for failure to join the corporation as a necessary party, failure to state a claim for fraud and breach of contract, lack of personal jurisdiction, lack of standing to sue, and improper venue. R. 72; R. 73. Defendant Ivancevich joins the Musleh defendants' motion in whole, and further seeks dismissal for lack of subject matter jurisdiction. R. 74.

# DISCUSSION

The Court finds one of the bases for dismissal argued by defendants dispositive and therefore has no need to address defendants' other arguments. Namely, the Court agrees with defendants that the corporation—the entity that purchased the store's assets—is a necessary and indispensable party under Federal Rule of Civil Procedure 19. However, joining the corporation defeats this Court's diversity jurisdiction.

When deciding whether to dismiss a case for failure to join a necessary party under Rule 19, the Court follows a two-step analysis. *Thomas v. United States*, 189 F.3d 662, 666 (7th Cir. 1999). The threshold inquiry is whether the corporation is a necessary party, or "one that should be joined if feasible," under Rule 19(a). *Id.* If a party is found to be necessary, but cannot be joined without depriving the Court of diversity jurisdiction, the second step is to decide whether the case should proceed without that party in "equity and good conscience" under Rule 19(b). Fed. R. Civ. P. 19(b).

## A. Necessary Party

In deciding whether the corporation is a necessary party:

> [T]he court must consider (1) whether complete relief can be accorded among the parties . . . without joinder; (2) whether the [corporation's] ability to protect its interest . . . will be impaired; and (3) whether any existing parties might be subjected to a substantial risk of multiple or inconsistent obligations unless the [corporation] joins the suit.

*Thomas*, 189 F.3d at 667. Applying these factors, the Seventh Circuit has held that when a contract is the subject matter of a case, a party to that contract is a necessary party under Rule 19(a). *E.g., U.S. ex rel. Hall v. Tribal Dev. Corp.,* 100 F.3d 476, 479

(7th Cir. 1996) ("A judicial declaration as to the validity of a contract necessarily affects, as a practical matter, the interests of both parties to the contract"); *see Burger King Corp. v. Am. Nat'l Bank and Trust Co.*, 119 F.R.D. 672, 675 (N.D. Ill. 1988) ("If the absent party has a legally protected interest *in* the subject matter of the action—*i.e.*, he is a party to a contract at issue—he falls squarely within the terms of Rule 19(a)(2).").

Here, the corporation is a party to the contract for the sale of the store's assets. Because all plaintiffs' allegations of fraud and fraudulent statements concern the subject matter of this contract, including the condition of the physical assets, the business's profitability, and the union employee contracts, the Court cannot accord complete relief on these issues without joining the purchasing party. *See Thomas*, 189 F.3d at 666. Further, the corporation cannot protect its interests in these matters if it is not joined. *See id.*

Plaintiffs say joinder is not necessary for three reasons. *First*, they argue that because the LLC plaintiff closed on the loan for the assets, the corporation is not the true party to the contract purchasing the assets. R. 80 at 4. But the Commercial Security Agreement (R. 81-2 at 1) plainly shows that the LLC plaintiff *and* the corporation were borrowers on the loan. Additionally, the asset purchase agreement provides that "the laws of the State of Indiana should govern the validity of this Agreement." R. 66-3 at 16. And "[u]nder Indiana law, contracts are interpreted to effectuate the parties' intent as expressed in the agreement. If the language is unambiguous, it should be given its plain and ordinary meaning." *RLI Ins. Co. v.*

7

*Conseco, Inc.*, 543 F.3d 384, 390 (7th Cir. 2008). The asset purchase agreement unambiguously and plainly identifies the corporation as the party purchasing the assets and not the LLC plaintiff. R. 66-3 at 10, 16 ("This Agreement . . . is made . . . by . . . Central Market of Indiana, Inc., an Indiana Corporation ("Buyer") . . . Nothing in this Agreement, expressed or implied, is intended to confer on any person, other than the parties and their successors, any rights or remedies under or by reason of this Agreement.").

*Second*, plaintiffs argue that because the members of the LLC plaintiff are the shareholders of the corporation, the current plaintiffs are in privity with the corporation and will protect the corporation's interest. R. 80 at 5. Defendants dispute that the shareholders of the corporation are the same members of the LLC. R. 81 at 3. But even accepting plaintiffs' version of the facts as true, a corporation "exists separately from its shareholders [and] officers, . . . and those individuals and entities ordinarily are not subject to corporate liabilities." *Laborers' Pension Fund v. Lay–Com, Inc.*, 580 F.3d 602, 610 (7th Cir. 2009). Thus, a judicial determination as to the breach of the contract necessarily affects the interests of the corporation—not the shareholders. *See Davis Co. v. Emerald Casino, Inc.*, 268 F.3d 477, 483-84 (7th Cir. 2001) (a shareholder of a corporation need not be joined in a suit involving the corporation because the shareholder's only interest is collateral).

*Third*, plaintiffs contend that principles of preclusion would operate to prevent the corporation from raising the same dispute in a separate lawsuit. R. 80 at 6. But this is a reason why the corporation *should* be joined. *See, e.g.*, R. 58 at 8 (explaining

8

that principles of preclusion could impact the LLC's ability to make certain arguments in a subsequent lawsuit when ruling that the LLC is a necessary party). Thus, just as it has previously held with respect to the LLC, the Court holds that the corporation is a necessary party under Rule 19(a).

### B. Indispensable Party

The Court's holding that the corporation is a necessary party under Rule 19(a) does not end the inquiry. The Court next assesses whether joining the corporation would impact this Court's diversity jurisdiction—the Court's only basis for subject matter jurisdiction over this case (*see* R. 58 at 4, 11).[2] While a limited liability company's citizenship is based on the citizenship of its individual members, a corporation is considered a citizen of the state of incorporation and where its principal place of business is located. 28 U.S.C. § 1332; *Wise v. Wachovia Sec., LLC,* 450 F.3d 265, 267 (7th Cir. 2006). The corporation is incorporated and has its principal place of business in Indiana. Because defendants are also citizens of Indiana, joining the corporation as a plaintiff would deprive the Court of complete diversity. *See Wise*, 450 F.3d at 267; *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 829 (1989).

When a party is necessary but cannot be joined without depriving the Court of diversity jurisdiction, the Court conducts the second prong of the Rule 19 analysis,

---

[2]  Ivancevich argues that this Court does not currently have diversity jurisdiction because the plaintiff LLC is an Indiana company. R. 74 at 2. However, as the Court already held in its September 5, 2017 Memorandum Opinion and Order, the citizenship of limited liability companies is the same as that of its members (a resident of Illinois living in New York and a resident of Illinois living in Pakistan), which means that joinder of the LLC did not destroy diversity. R. 58 at 11.

9

which requires the Court to decide whether the action can proceed in "equity and good conscience" without the corporation, or whether it should be dismissed (without prejudice to the action being pursued in state court). *Burger King*, 119 F.R.D. at 679; Fed. R. Civ. P. 19(b). In other words, the Court must decide if the corporation is "indispensable." *Hall*, 100 F.3d at 479.

The Seventh Circuit has repeatedly explained that "a contracting party is the paradigm of an indispensable party." *Davis*, 268 F.3d at 484; *Hall*, 100 F.3d at 479. While this rule "has its limits," it clearly applies here, where the corporation was the only contracting party on the purchasing side for Central Market's business assets. *See Hall*, 100 F.3d at 479-81 (holding that in a *qui tam* action to set aside supplier contracts to which the Menominee Tribe was the only buying party, the Menominee Tribe was indispensable).

The factors set forth in Rule 19(b) reinforce this conclusion. Rule 19(b) instructs the Court to weigh the following factors when deciding whether a party is indispensable: "(1) the extent to which 'a judgment rendered in the person's absence might be prejudicial to the person or those already parties'; (2) the extent to which relief can be tailored to lessen or avoid prejudice; (3) the adequacy of a judgment rendered in the person's absence; and (4) 'whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.'" *Hall*, 100 F.3d at 479 (quoting Fed. R. Civ. P. 19(b)).

Here, the factors weigh in favor of finding the corporation an indispensable party. The first and third factors were addressed earlier in the Court's analysis under

Rule 19(a)(1). *See, e.g.*, *Burger King*, 119 F.R.D. at 679-80 ("[h]aving found that Patel is a necessary party here, this court has already determined that the first Rule 19(b) factor . . . weighs in favor of dismissing the case . . . [and the] third rule 19(b) factor implicates interests similar to those of Rule 19(a)(1))"). As discussed, any ruling here could have a prejudicial effect on the corporation asserting its own interests in the future. Additionally, a ruling in the corporation's absence likely would be inadequate.

Turning to the second factor, the Court does not see—and neither party has suggested—a way to fashion the relief in this case to avoid any prejudicial effect on the corporation. *See Hall*, 100 F.3d at 480. An adverse decision finding no fraud underlying the contract or no breach of the contract to which the corporation is a party will obviously prejudice the corporation. The majority of plaintiffs' allegations concern the assets of which the corporation was the only purchaser.

As for the fourth factor, plaintiffs have an adequate forum in the state courts of Indiana. In fact, the lender for the purchases at issue already sued all plaintiffs, the corporation, and Naser Musleh in Indiana state court for default on the loans. R. 81 at 2. Plaintiffs could bring a cross-claim in that action, or they could file a new case in Indiana state court. Either way, plaintiffs will not lose an opportunity for relief if the Court dismisses this case. *See, e.g.*, *Burger King*, 119 F.R.D. at 680 ("When . . . all the parties could be joined in state court, this factor actually mitigates in favor of dismissal."); *Bartfield v. Murphy,* 578 F. Supp. 2d 638, 650 (S.D.N.Y. 2008) (party indispensable where the plaintiff had a state court remedy that could avoid prejudice to any party). Indeed, disputes involving breach of contract are traditionally state

court issues. *See Flanagan v. Allstate Ins. Co.*, 580 F. Supp. 2d 663, 667 (N.D. Ill. 2008) ("States have traditionally regulated common law breach of contract").

In sum, an application of the factors laid out in Fed. Civ. P. 19(b) leads the Court to conclude that the corporation is an indispensable party and this case must be dismissed without prejudice to refiling in state court. *See, e.g., Burger King*, 119 F.R.D. at 680 (since "joinder would destroy diversity, the case must be dismissed"); *RQAW Corp. v. Carter & Burgess, Inc.*, 2006 WL 39037, at *2 (S.D. Ind. Jan. 5, 2006) ("the appropriate measure is for the court to dismiss the action for nonjoinder *without prejudice*"); *Martin Implement Sales, Inc. v. Ford New Holland, Inc.*, 1989 WL 31031, at *6 (N.D. Ill. Mar. 29, 1989) ("the Court orders this case dismissed without prejudice to refiling in state court . . . for failure to join an indispensable party"). The Court therefore declines to address defendants' other bases for dismissal.

## Conclusion

For the reasons stated, the Court grants all defendants' motions to dismiss (R. 72; R. 73; R. 74) without prejudice.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: July 9, 2018